that the conductor warned plaintiff not to alight until the car had stopped, but plaintiff proceeded, with his arm full of bundles, to step off, and as soon as he landed on the street pavement seemed to lose his balance and fell; that the daughter started to follow but was stopped by the conductor, who barred her way with his arm, and she waited until the car stopped, and then alighted and walked back fifty feet to where plaintiff was.

JAMES TODD and WATSON J. FERRY, for appellants; W. W. GURLEY and J. R. GUILLIAMS, of counsel.

GEORGE F. HAGEMEYER, for appellee; ZIMMERMAN & GARRETT, of counsel.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

### Abstract of the Decision.

CARRIERS, § 437*—*when evidence sufficient to show contributory negligence of alighting passenger.* In an action by a passenger against a street railway company to recover for injuries received while alighting, evidence examined and *held* to show that the injury was due to plaintiff's contributory negligence.

---

Wesley Shimeall, Appellee, v. Ernst E. Lehmann, Appellant.

Gen. No. 21,887.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in this court at the October term, 1915. Reversed and remanded. Opinion filed February 14, 1916.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

### Statement of the Case.

Case of the first class in the Municipal Court, for goods sold and money loaned by Wesley Shimeall, plaintiff, against Ernst E. Lehmann, defendant. Defendant filed an affidavit of defense as follows:

"Defendant believes that he has a good defense upon the merits to the whole of the plaintiff's demand, as follows: The whole sum, exclusive of interest, sued for, including item for diamond ring and money loaned, was, on or about July 26, 1913, paid by defendant and thereafter received by plaintiff; as to item of interest, sued for, on ground of alleged vexatious delay in payment, the nature of the defense thereto is, that said payment included interest up to the time thereof, and, in addition, there was, and has been, no vexatious delay in payment."

Upon motion of plaintiff the court struck the affidavit from the files and entered judgment against defendant.

Plaintiff contended that the affidavit was insufficient under the rules of the Municipal Court. Defendant argued that it was sufficient. The rules of the Municipal Court, which were preserved for review, provide that defendant shall file an affidavit that he believes he has a good defense upon the merits, "specifying the nature of such defense, whether by way of denial or by way of confession and avoidance in such a manner as to reasonably inform the plaintiff of the defense which will be interposed at the trial." By rule 20 it is provided that it shall not be sufficient for defendant's affidavit "to deny generally the facts alleged by the statement of claim * * *. Any denial of any allegation of fact made by the opposite party must not be evasive but must answer the point of substance."

FRANCIS W. WALKER and CHARLES E. SELLECK, for appellant.

JONAS O. HOOVER, for appellee,

MR. PRESIDING JUSTICE McSURELY delivered the opin-
ion of the court.

## Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 13*—*when affidavit of defense
sufficient.* In an action of the first class in the Municipal Court of
Chicago for goods sold and money loaned, the affidavit of defense
examined and *held* sufficiently to comply with the rules of the
Municipal Court.

2. MUNICIPAL COURT OF CHICAGO, § 13*—*when rules do not re-
quire that evidentiary facts be pleaded.* The rules of the Munici-
pal Court of Chicago do not require that evidentiary facts be
pleaded in the affidavit of defense.

3. PAYMENT, § 24*—*when plea sufficient.* In an action for goods
sold and money loaned, a plea that before action defendant satis-
fied and discharged plaintiff's claim by payment is a good plea.

---

Fred F. Roberts, Administrator, Appellee, v. Chicago
City Railway Company, Appellant.

Gen. No. 21,937.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. MAZ-
ZINI SLUSSER, Judge, presiding. Heard in this court at the October
term, 1915. Reversed with finding of facts. Opinion filed February
14, 1916. Rehearing denied February 28, 1916.

## Statement of the Case.

Action by Fred F. Roberts, administrator of the es-
tate of Alfred Smith, deceased, plaintiff, against Chi-
cago City Railway Company, defendant, to recover
damages for wrongfully causing the death of plain-
tiff's intestate. Judgment was entered against defend-
ant for $1,750, from which defendant appeals.

The case has been tried three times. From the judg-
ment on the second trial appeal was taken to the Ap-
pellate Court, and a majority of the branch court which

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same**
topic and section number.